85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED FOODS, INC., doing business as Bemis Fibers, a
division of United Foods, Inc., Plaintiff-Appellee,
v.
R.N. KELLY COTTON MERCHANT, INC., Defendant-Appellant,
and
Eagle Cotton, Inc.; Perry Galloway; Avondale Mills, Inc.,
Defendants.
 No. 95-5404.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1996.
 
 Before: SUHRHEINRICH and COLE, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant R.N. Kelly Cotton Merchant, Inc. ("Kelly") appeals a jury verdict awarding $167,354.85 to plaintiff United Foods ("United") in this diversity action alleging breach of a contract for sale of cotton under Tennessee law. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff United operated Bemis Fibers, which purchased cotton for United. In 1991, Bemis pursued plans to liquidate surplus cotton. Bemis ultimately entered into a contract with Kelly for the sale of 3784 bales of cotton. Kelly was represented in the transaction by Carlton Lawson, a cotton broker.
 
 
 3
 Two contracts were signed, one between Bemis and Kelly, the other between Kelly and Eagle Cotton, Inc., another cotton buyer. Under the contracts, Kelly would buy the cotton from Bemis and resell it to Eagle. Certain cotton would be shipped directly to Avondale Mills, Inc., which had outstanding orders for cotton from Eagle. The Bemis-Kelly contact specified a quantity of 3784 bales and a price of 71 cents per pound. The contract was signed by broker Carlton Lawson in the name of "R.N. Kelly."
 
 
 4
 The market price of cotton declined. Bemis shipped approximately 1200 of the 3784 bales to Avondale pursuant to Kelly's instructions. Kelly remitted payments, but allegedly deviated from the terms of the contract. Subsequently, Avondale stopped accepting cotton pursuant to its separate agreement with Eagle and bought cotton from other sources at the lower market price. Kelly resold the Bemis cotton for less than 71 cents per pound, and remitted only what he received on resale minus his commission and other charges. Kelly eventually declined to accept or pay for any more cotton under the contract. Bemis sold its remaining cotton at lower prices.
 
 
 5
 United brought this breach of contract action in district court in March 1992, claiming damages of $442,751 due to Kelly's failure to fulfill the terms of the contract. Kelly argued below that the contract contained a condition precedent that required acceptance of the cotton by Avondale in order to bind Kelly to the other terms of the contract. Kelly relied on a clause in the contract requiring "Payment by wire transfer immediately upon receipt and acceptance of bales in good condition by Avondale Mills...." The district court held that this clause was ambiguous in the context of the entire contract and denied Kelly's motion for summary judgment. After trial, a jury returned a verdict for United in the amount of $167,354.85. The district court denied Kelly's motion for a new trial. This appeal followed.
 
 II.
 
 6
 A. Denial of Motions for Summary Judgment and Judgment as a
 
 Matter of Law
 
 7
 Kelly argues that the district court erred in denying its motion for summary judgment and its motions for judgment as a matter of law. We review de novo the order denying summary judgment on legal grounds. Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir.1993), cert. denied, 114 S.Ct. 1219 (1994). We also review de novo the denials of Kelly's motions for judgment as a matter of law. Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 525 (6th Cir.1993).
 
 
 8
 We first address the denial of Kelly's motion for summary judgment. Kelly argues that it was only obligated to pay for cotton that was received and accepted by Avondale because of the clause requiring "receipt and acceptance ... by Avondale Mills." United counters that the purpose of the clause was merely to address Avondale's concern that torn bagging on certain bales be repaired. United argues that the parties intended a sale of 3784 bales at 71 cents per pound, with that price subject to certain "mill discounts" to account for varying grades of quality. United submits that Kelly simply breached the contract when the market price of cotton declined.
 
 
 9
 We agree with the district court that the existence of a condition precedent was a factual issue for the jury. The Bemis-Kelly contract contained a quantity term and addressed discounts for variations in quality, casting doubt on Kelly's contention that the clause at issue was an unambiguous condition precedent. The district court did not err by finding the contract ambiguous and denying Kelly's motion for summary judgment.
 
 
 10
 We next examine Kelly's argument that the district court erred by denying Kelly's motions for judgment as a matter of law. First, Kelly argues that Bemis contracted with R.N. Kelly, principal owner of the corporate entity Kelly, rather than the corporate entity itself. Kelly, however, did not deny its status as the proper defendant in its answer, and did not raise the issue until the end of the trial. We agree with the district court that Kelly waived this argument.
 
 
 11
 Second, Kelly argues that the district court should have granted its motion for judgment as a matter of law because the damages claimed by United were speculative and did not provide a basis for the jury to arrive at a damage figure without conjecture. We find no merit in this argument. Tennessee law disallows "remote and speculative" damages only where the fact of damage is uncertain, not the amount. Grantham & Mann v. American Safety Prods., Inc., 831 F.2d 596, 601-02 (6th Cir.1987). There is ample evidence in the record establishing that United incurred damages, therefore we also reject this assignment of error.
 
 B. Denial of Motion for New Trial
 
 12
 Kelly also argues that it should be granted a new trial. First, Kelly claims that the district court erroneously instructed the jury on whether Lawson acted as Kelly's agent. There is no evidence in the record that Kelly ever objected to the instructions used at trial. For this reason alone, we reject this assignment of error. Murphy v. Owens-Illinois, Inc., 779 F.2d 340, 345-46 (6th Cir.1985). Even assuming Kelly had objected, however, we agree with the district court that the jury was properly instructed on the agency issue.
 
 
 13
 Kelly next claims that the district court abused its discretion by allowing a jury verdict against the weight of the evidence. Kelly reiterates its claim that the evidence of damages was too remote and speculative to provide a sufficient basis for the award. We have already addressed this argument above, and for the same reasons decline to accept it here. United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993).
 
 
 14
 Finally, Kelly claims that the district court should have reduced the amount of the award to an amount based on its interpretation of the "acceptance" clause as a condition precedent. As discussed above, the existence of a condition precedent was ambiguous. The issue was submitted to the jury, which rejected Kelly's interpretation of the contract. Therefore, Kelly's proposed calculation of damages is without foundation. The district court did not abuse its discretion by not reducing the amount of judgment. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 (6th Cir.1989).
 
 III.
 
 15
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation